**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **KATHI RENEE SPARKS, individually and** ) | |
| **on behalf of all those similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No.  _____** |
| ) | |
| **1-800 WINESHOP, INC., DBA WINESHOP** ) | |
| **AT HOME,** ) | |
| ) | |
| **Defendant.** ) | |

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

COMES NOW Defendant, 1-800 WineShop.com, Inc., DBA WineShop At Home (incorrectly named as 1-800 WineShop, Inc.) ("WSAH"), by and through counsel, expressly preserving all defenses, and timely files this Notice of Removal, hereby removing this civil action, styled *Kathi Renee Sparks, individually and on behalf of all those similarly situated v. 1-800 WineShop, Inc., DBA WineShop At Home,* Case No. 2022-CA-2764-ES, from the Circuit Court of Pasco County, Florida (the "State Court Action"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453  to the United States District Court for the Middle District of Florida.

**Nature of the Action**

1.      In this putative class action, Plaintiff Kathi Renee Sparks ("Plaintiff") alleges that she received telephonic sales call(s) from WSAH for certain goods and services in violation of the recently amended Florida Telephone Solicitation Act (the "FTSA"), which became effective on July 1, 2021. Specifically, Plaintiff claims that WSAH used an automated system for phone number selection or dialing or that she received a recorded sales message without her prior written

consent. Plaintiff seeks an injunction against further calls as well as an award of statutory damages, costs and attorney fees.

## State Court Proceedings

2.        On October 26, 2022, Plaintiff filed the State Court Action, which is currently pending as Case No. 2022-CA-2764-ES. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06, a copy of the state court process and complaint that were served on WSAH in the State Court Action are attached as **Exhibit A**.  At the time of this filing, the online docket of the State Court Action on the state court clerk's website was not available due to website maintenance; accordingly, pursuant to Local Rule. 1.06, WSAH will immediately file any other items contained in the State Court Action docket with this Court as soon as the state court's online docket is available.

3.        WSAH was served with the summons and complaint on November 9, 2022. Accordingly, this Notice of Removal is timely filed.

## Original Jurisdiction Under the Class Action Fairness Act

4.        WSAH is incorporated in Delaware and maintains its principal place of business in Napa, California.

5.        Plaintiff is alleged to be both a citizen and a resident of Pasco County, Florida.  *See* Compl. ¶¶ 10 ("Plaintiff received such calls while residing in and physically present in Pasco County, Florida."), 12 ("At all times material herein, Plaintiff was and is a Florida resident").

6.        Plaintiff seeks to the following Florida class of persons (the "Florida Class"):

All persons in the State of Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) without "prior express consent" as defined by Fla. Stat.§ 501.059(1)(g), (4) on or after July 1, 2021.

7.        The complaint sets forth one count: Count I for Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, on behalf of Plaintiff and the Florida Class.

8.     Under CAFA, a federal district court has original jurisdiction over class actions involving (a) minimal diversity, *i.e.,* diversity between any defendant and any putative class member; (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d).

9.     As set forth below, the parties are minimally diverse, the proposed class exceeds 100 members, and the aggregate amount in controversy exceeds $5 million.

**A.     *There is Minimal Diversity.***

10.     Plaintiff is alleged to be a citizen of Florida.  *See* Compl. ¶¶ 10, 12.

11.     WSAH is deemed a citizen of Delaware and California, its state of organization and principal place of business, respectively. *See* 28 U.S.C. § 1332(d)(10); *see also* Declaration of Jane Creed ("Creed Decl.") attached hereto as **Exhibit B**, ¶ 3.

12.     There is minimal diversity under 28 U.S.C. § 1332(d)(2)(A) because at least one putative class member (the Plaintiff) is of diverse citizenship from WSAH.

**B.     *The Proposed Class Exceeds 100 Members.***

13.     Plaintiff seeks to represent every person in Florida who (1) were sent a telephonic sales call regarding WSAH's goods and/or services, (2) using the same equipment or type of equipment utilized to call the Plaintiff, (3) without "prior written consent" as defined by Fla. Stat. 501.059(1)(g), (4) on or after July 1, 2021, the effective date of the FTSA amendments.

14.     Plaintiff alleges that such Class members "number in the several hundreds, if not more."  Compl. ¶¶ 21, 22.

15.     Moreover, from July 1, 2021 to November 9, 2022, calls were made on behalf of WSAH to over 10,000 phone numbers with Florida area codes.  Creed Decl., ¶ 4.

16.     Accordingly, CAFA's 100-member requirement is satisfied.

3

**C.      The Aggregate Amount-in-Controversy Exceeds $5 million.**

17.      CAFA instructs the Court "to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

18.      Although Plaintiff has not alleged the precise amount of damages at issue in this case, CAFA's amount in controversy threshold is met here based on the allegations and the jurisdictional evidentiary record.

19.      First, Plaintiff alleges that "the aggregate damages sustained by the Class may be in the millions of dollars."  Compl. ¶ 28.

20.      Moreover, the complaint seeks a minimum of $500.00 in statutory damages, plus costs and attorney's fees, for each violation of Fla. Stat. § 501.059 (Count I).

21.      Each alleged violation carries a potential damages amount of at least $500 per violation; thus, the $5,000,000 threshold is crossed if there are more than 10,000 violations. Here, even if the complaint alleges only one violation per each of more than 10,000 potential members, not including attorneys' fees, which are also sought and recoverable under FTSA, Fla. Stat. § 501.625, the amount in controversy exceeds $5,000,000, excluding the claims for attorney's fees and costs, which, when included, would increase the amount in controversy far beyond the $5,000,000 threshold.

**Venue and Procedure**

22.      Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed within thirty (30) days of service of the Complaint on WSAH. WSAH was served with the Summons and Complaint on

November 9, 2022.

23.     As of the date of removal, WSAH has not filed a responsive pleading to the Complaint.

24.     Pursuant to 28 U.S.C. § 1441(a), this is the appropriate Court to receive this Notice of Removal, as the State Court Action is pending in the Circuit Court of Pasco County, Florida, which is within the Middle District of Florida. Therefore, this Court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

25.     Pursuant to 28 U.S.C. § 1446(d), counsel for Plaintiff will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Pasco County, Florida.  A copy of the Notice of Filing Notice of Removal filed with the state court is attached hereto as **Exhibit C.**

26.     In light of the foregoing, removal of this case to the United States District Court for the Middle District of Florida is proper.

27.     In filing this Notice of Removal, WSAH does not waive, and expressly preserves, any and all defenses to the Complaint, including, but not limited to, defenses of personal jurisdiction and improper venue, and reserves the right to move the Court concerning any such defenses upon removal to this Court.

WHEREFORE, WSAH respectfully notifies this Court, the state court, and Plaintiff of the removal of this action from the Circuit Court of Marion County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

RESPECTFULLY SUBMITTED on December 9, 2022.

By: */s/ Irene Oria*
    Robert T. Wright, Jr. (Fla. Bar No. 185525)
    Irene Oria (Fla. Bar No. 484570)
    FISHERBROYLES LLP
    1221 Brickell Ave., Suite 900
    Miami, FL 33131
    Telephone: (786) 873-4603
    robert.wright@fisherbroyles.com
    irene.oria@fisherbroyles.com

    **ATTORNEYS FOR DEFENDANT**
    **1-800 WINESHOP.COM, INC., DBA**
    **WINESHOP AT HOME**

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2022, electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record identified on the Service List below.

/s/ Irene Oria
Irene Oria, Esq.

## **SERVICE LIST**

Benjamin W. Raslavich, Esq.
**KUHN RASLAVICH, P.A.**
2110 West Platt Street
Tampa, Florida 33606
Telephone: (813) 422-7782
Facsimile: (813) 422-7783
Email: ben@theKRfirm.com

*Counsel for Plaintiff*